REQUESTED BY: Senator Elaine Stuhr Nebraska State Legislature
You have requested the opinion of this office regarding the constitutionality of a proposed amendment which would cause Neb. Rev. Stat. § 18-1722.01 (1991), to read as follows:
 Whenever the governing body of a municipality of the metropolitan class has decided by resolution or municipality of any other class has made a determination that a property is unsafe or unfit for human occupancy because of one or more violations of its minimum standard housing ordinance or has decided by resolution or other determination, whichever is applicable, that a building is unsafe because of one or more violations of its dangerous building code ordinance, or if the property has been left vacant for a period of ten years or more, it shall be the duty of such municipality to post the property accordingly, and to file a copy of such determination or resolution in the office of the register of deeds of the county to be recorded. No fee shall be charged for such recording or for the release of such recording
(Proposed added language underlined.)
The above statute requires a municipality to post on a property a copy of its determination or resolution that the property is unsafe or unfit for human occupancy because of one or more violations of the municipality s minimum standards housing ordinance or dangerous building code ordinance. The statute also requires the municipality to file a copy of this determination or resolution in the office of the county s register of deeds. Your proposed amendment further requires this same filing on any property which has been vacant for a period of ten years or more. For purposes of this opinion we assume that by vacant, you mean that the property, if a house has not been lived in for a period of ten years or more; and if a real estate, that you mean it has been abandoned, having no heir or claimant.
We begin our analysis by observing that your proposed amendment, on its face appears to be neither punitive, prohibitory nor confiscatory. The filing required by your proposed amendment does nothing more than put a subsequent purchaser on notice that a property has been vacant for a period of ten years or more. This notice, we presume, is for the benefit of the subsequent purchasers, heirs or possible claimants. As such, the notice requirement appears to us to be both reasonable and free from arbitrariness. If this were the only consequence of your proposed amendment, then we conclude that our courts will, if faced with the issue find your amendment constitutional.
Our analysis, however, does not end there. If your amendment intends to target properties that are vacant for ten years or more for possible forced repair, rehabilitation or demolition and removal at a cost to the property owner, the result is different. The rules of statutory construction require a court to construe, in pari materia, statutes relating to the same subject matter so as to determine intent thereof. State exrel. Scherer v. Madison County Com'rs of Madison County,247 Neb. 384, 527 N.W.2d 615 (1995). In the case of this Section18-1722.01 amendment you propose, a court may consider the subject statute, in pari materia, with Neb. Rev. Stat § 18-1722
(1991), which provides:
 If any owner of any building or structure fails, neglects, or refuses to comply with notice by or on behalf of any city or village to repair, rehabilitate, or demolish and remove a building or structure which is an unsafe building or structure and a public nuisance, the city or village may proceed with the work specified in the notice to the property owner. A statement of the cost of such work shall be transmitted to the governing body. The governing body may:
 (1) Levy the cost as a special assessment against the lot or real estate upon which the building or structure is located. Such special assessment shall be a lien on the real estate and shall be collected in the manner provided for special assessments; or
 (2) Collect the cost from the owner of the building or structure and enforce the collection by civil action in any court of competent jurisdiction.
Were a court to read the two statutory provisions together as the rules of statutory construction may require, it may conclude that your proposed amendment empowers the county to deal with a vacant house as though the house was a nuisance, thereby subject to repair or demolition. If this is done, then the issue a court will decide becomes whether a municipality may, with legislative authority, declare a property which has merely been vacant for ten years or more, a public nuisance subject to abatement. We think not. The amendment of § 18-1722.01 as you propose, raises constitutional concerns regarding the proper use of the State s or a municipality s police powers, as well as concerns over the unconstitutional taking or damaging of property without just compensation.
The power of a municipality to abate a nuisance in the nonarbitrary and reasonable exercise of its police power is without doubt. Neb. Rev. Stat. § 18-1720 (1991); 56 Am.Jur.2d Municipal Corporations
§ 437. See, Village of Brady v. Melcher,243 Neb. 728, 502 N.W.2d 458 (1993). Likewise, it is without doubt that ordinarily a property owner does not have and cannot acquire a vested right or constitutional privilege to maintain or continue a nuisance. Id. at 733. While a legislature or municipality has the power to abate a nuisance, the subject of its laws or regulations must nonetheless be first classified and qualified as a nuisance.
A nuisance can be described as an activity which arises from unreasonable, unwarranted or unlawful use by a person of his or her own property which works obstructions or injury to a right of another or to the public, and which provides such material annoyance, inconvenience and discomfort that the law will perceive a resulting damage. 28A Words and Phrases, Nuisance; 56 Am.Jur.2d Municipal Corporations, § 443.
Thus, a building or other property may become a nuisance by virtue of its inherent unsafety or through some harmful or illegal use. As such, it can be said that it creates a hazard to health, safety or welfare and that a nuisance exists as a matter of law which may be abated by the government Likewise, a building or other property which houses particular types of businesses or which are used for particular purposes may constitute nuisances depending upon the circumstances of the uses. However, a building (especially) or other property which is otherwise fit for human use or habitation, is not a nuisance per se or nuisance at law, even though it is unsightly, or is old and dilapidated. Its classification as such must depend on the particular circumstances of the uses made of the property. 58 Am.Jur.2d Nuisances §§ 162, 163; 56 Am.Jur.2d MunicipalCorporations § 444.
It follows a fortiari that unless the use that is made of a property is such that the property can be deemed to be detrimental to the safety health and welfare of the public or injurious to another, the property is not a nuisance. The mere fact alone that the property has been vacant for ten years or more cannot validly be said to make it detrimental to the safety, health and welfare, and therefore, a nuisance. An attempt by a government to abate such a use or nonuse of property cannot be justified as a reasonable exercise of the police power, as there is no rational relationship between the property's vacancy and protection of basic societal interest. 16A Am.Jur.2dConstitutional Law §§ 384, 385, 397; 56 Am.Jur.2d MunicipalCorporations § 444. Nor can such legislation even be justified as a reasonable one when it leads also to a taking or damaging of property by governmental action without just compensation being paid. Neb. Const. article I, § 21; 56 Am.Jur.2d § MunicipalCorporations § 437; City of Scottsbluff v. Winters CreekCanal Co., 155 Neb. 723, 53 N.W.2d 543 (1952). (The general power of a city to declare prevent or abate nuisances does not include the power to declare anything a nuisance which is not one in fact or per se.)
This does not mean that the legislature or municipality cannot validly declare a property to be a nuisance when the property in question has not only been left vacant, but has for other reasons been found detrimental to the public safety, health and welfare, or is found to be similarly injurious to another property owner. An example of such a property that may be found detrimental to the public safety, etc., is one which has been left vacant and is being used as a haven for drug dealers, prostitution, etc., or one that becomes a municipal blight.
In conclusion, therefore, we are of the opinion that a property which has been left vacant for a period of at least ten years, without more, cannot be declared a nuisance subject to abatement, nor can legislation or ordinance aimed at forcing its repair or demolition pass constitutional muster.
Sincerely,
 DON STENBERG Attorney General
 K. Osi Onyekwuluje Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
Approved by:
Don Stenberg 
Attorney General