ALUMNI CONTROL BOARD, ALPHA PSI CHAPTER, DELTA
SIGMA PHI FRATERNITY, INC., APPELLANT, V. CITY OF
LINCOLN, A MUNICIPAL CORPORATION, APPELLEE.
137 N. W. 2d 800

Filed October 29, 1965. No. 35949.

O'Neal & Krause, for appellant.

Ralph D. Nelson and Henry L. Holst, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

This case involves an application for a building permit requiring a variance in front, rear, and side yard requirements and in offstreet parking requirements of the zoning provisions of the Lincoln municipal code. The application was denied by the building inspector, by the board of zoning appeals, and by the city council, and the denial was affirmed by the district court. The plaintiff has appealed.

The property involved is a corner lot having a 50-foot frontage on one street and a 92-foot frontage on the other. The property was in single separate ownership at the time of the adoption of the Lincoln zoning code in 1953. The plaintiff purchased the property in 1955 and apparently has occupied and used the property since then as a

fraternity house which, at the time of this application, housed 21 young men. The property is located in an F-restricted commercial district. Permitted uses are for single or two-family residences, multiple dwelling, fraternities, sororities, boarding and lodging houses, non-profit hospital, religious, educational, and philanthropic institutions, private clubs and lodges (where the chief activity is not a service carried on as a business), apartment hotels, and office buildings. The building proposed is a four-story building 30 by 60 feet. Under the provisions of the code, a building 28 by 48.6 feet was the maximum size permitted. The variances requested involved front, rear, and side yard reductions varying from 5 feet to 6.4 feet. The offstreet parking under the zoning code was required to be on the premises or within 1,200 feet, while the offstreet parking proposed was 1,280 feet from the premises.

The evidence is that a fraternity house could be built within the requirements of the city zoning code to house 48 men, but that it would not comply with the University of Nebraska housing code which became mandatory September 1, 1965. The evidence also is that a fraternity house could be built within the requirements of the city zoning code and also in compliance with the University of Nebraska housing code, but that such a fraternity house could accommodate only 36 men.

The plaintiff's position is that it is not economically desirable to construct a fraternity house for less than 48 men, and that this fact, together with the requirements of the University of Nebraska housing code, constitute "practical difficulties" sufficient to require the granting of the variances.

Use variances are customarily concerned with "hardship" while area variances are customarily concerned with "practical difficulty." A use variance is one which permits a use other than that prescribed by the zoning ordinance in a particular district. An area variance has no relationship to a change of use. It is primarily a

grant to erect, alter, or use a structure for a permitted use in a manner other than that prescribed by the restrictions of the zoning ordinance. Area variances are principally involved in this case.

The disposition of a case involving an area variance and "practical difficulty" under a zoning ordinance depends on the facts and circumstances of each particular case. In most instances in which courts have found that a "practical difficulty" was present in an area variance case, they have apparently relied on the fact that the case involved substandard lots as to which the practical difficulty was obvious. This case does not involve a "substandard" lot, i.e., having a smaller size or having a lesser frontage than the required minimum. 1 Rathkopf, The Law of Zoning and Planning (3d ed.), 32-1. The minimum area requirements in this zoning district are: Single family or two-family residences, 4,000 square feet; multiple family residences, 500 square feet per family; and there is no minimum area restriction for fraternities. The plaintiff's lot is 4,600 square feet and it has a 50-foot frontage which is also not substandard.

The criteria generally and properly before a board of appeals on an application for a variance from area restrictions of a zoning code are: (1) Whether compliance with the strict letter of the restrictions governing areas, set backs, frontage, height, bulk, or density would unreasonably prevent the owner from using the property for a permitted purpose or would render conformity with such restrictions unnecessarily burdensome; (2) whether a grant of the variance applied for would do substantial justice to the applicant as well as to other property owners in the district, or whether a lesser relaxation than that applied for would give substantial relief to the owner of the property involved and be more consistent with justice to other property owners; and (3) whether relief can be granted in such a fashion that the spirit of the ordinance will be observed and public

safety and welfare secured. 2 Rathkopf, The Law of Zoning and Planning (3d ed.), 45-28.

"The purpose of variances in the broadest sense is the rendering of justice in unique and individual cases of practical difficulties or unnecessary hardships arising from literal application of zoning ordinances; zoning statutes and ordinances commonly provide in effect that the grant of variances should be to the end of doing substantial justice." 8 McQuillin, Municipal Corporations (3d ed. Rev.), § 25.172, p. 409.

The specific provisions of the Lincoln zoning code gave the board of zoning appeals the power: "* * * to vary the strict application of the height, area, parking or density requirements to the extent necessary to permit the owner a reasonable use of his land in those specified instances where there are peculiar, exceptional and unusual circumstances in connection with a specific parcel of land, which circumstances are not generally found within the locality or neighborhood concerned." Lincoln Municipal Code, § 27.44.040.

There is no evidence that the reasons constituting the plaintiff's claim of practical difficulty are peculiar to the property involved. So far as the evidence goes, both the University of Nebraska housing code and the economic factors applying to fraternity house operations apply equally to all other fraternities in the zoning district.

Insofar as the plaintiff's basic contention that a minimum of 48 men must be accommodated to make a fraternity house operation economically feasible, the evidence is contradictory. The plaintiff's own evidence showed that for the year 1962-1963, there were 5 fraternities with less than 48 sustaining members. Four of those five, including the plaintiff, showed an income greater than expenses. Of the fraternities having 48 sustaining members or more, 6 out of 13 had expenses exceeding income. Here the evidence is clear that even within the requirements of the University of Nebraska

housing code, the property could continue to be used for a fraternity house and even accommodate 60 percent more men than the plaintiff has accommodated on it for the last 10 years. The restrictions of the ordinance do not prevent the property from being used for any of the other authorized uses permitted in the district. There is essentially no difference here from any case in which an owner desires to expand, but finds himself with not enough property to do so and also meet the conditions of the ordinance. The mere fact that the plaintiff would like to have a fraternity house of larger dimensions does not establish practical difficulty in complying with the ordinance. The plaintiff's basic position is apparently that where the desire to expand a permitted use of the premises beyond the area restrictions of the zoning code is motivated by practical or economic reasons, this constitutes a "practical difficulty" and requires the granting of an area variance. We cannot agree.

Even if it be conceded that a "practical difficulty" was established, there is specific testimony that the yard requirements here are reasonable requirements, and that the granting of the variances requested would be in derogation of the spirit and intent and general plan of the zoning ordinance. The application was also opposed at the hearing by the owners of adjoining property. The fact that the plaintiff's fraternity house has now become inadequate for the plaintiff's plans for growth does not tend to show the provisions of the ordinance to be arbitrary or unreasonable. Neither does it establish that the owner is unreasonably prevented from using the property, nor that substantial justice will be done to other property owners, nor that the spirit of the ordinance will be observed and the public safety and welfare secured. The acts of the board of zoning appeals are subject to review and reversal only if they constitute an abuse of discretion and are unreasonable, arbitrary, or illegal. Peterson v. Vasak, 162 Neb. 498, 76 N. W. 2d 420.

We have discussed above strictly area variances on the property itself. A variance of a different nature, technically involving both use and area, is involved in the offstreet parking requirements.

The zoning code requires the plaintiff to provide offstreet parking on the property or within 1,200 feet from the property. This is a greater distance than is permitted by any other section or provision of the zoning code. The requested variance involves offstreet parking facilities 1,280 feet away from the property and in excess of the maximum distance specified. Congestion in the public streets (the basic problem giving rise to offstreet parking requirements) might not be reasonably nor adequately alleviated if the required offstreet private parking is so far away from the traffic generating property that it would not be reasonably or effectively used. We certainly cannot say that it is unreasonable nor arbitrary to refuse to grant a variance of an additional 80 feet where the maximum distance prescribed by the ordinance is already virtually a quarter of a mile from the location of the property. This is particularly true where there is no evidence of practical difficulty, nor unnecessary hardship, nor, in fact, of any other reason why the ordinance cannot be specifically complied with.

Under the facts in this case, we cannot say that the action of the board of zoning appeals and the city council did not permit the owner a reasonable use of the land, nor that it did not do substantial justice.

The plaintiff has directed several assignments of error to the constitutionality of the Lincoln zoning code. This court has held many times that a litigant who invokes the provisions of a statute may not challenge its validity; nor seek the benefit and in the same action and at the same time question its constitutionality. Peterson v. Vasak, *supra;* Shields v. City of Kearney, *ante* p. 49, 136 N. W. 2d 174.

For the reasons set forth, the action of the board of

zoning appeals and the city council in denying the requested variance was not unreasonable, arbitrary, or illegal; nor did its action violate the plaintiff's constitutional rights. The judgment of the district court was correct and is affirmed.

AFFIRMED.