WILLIAM J. MCCLELLAND AND DIXIE L. MCCLELLAND, HUSBAND AND WIFE, APPELLEES, V. ZONING BOARD OF APPEALS OF OMAHA, NEBRASKA, ET AL., APPELLANTS.

441 N.W.2d 893

Filed June 30, 1989.   No. 87-706.

Herbert M. Fitle, Omaha City Attorney, and Allen L. Morrow for appellants.

James R. Place and Alan M. Thelen, of Breeling, Welling & Place, for appellees.

HASTINGS, C.J., WHITE, CAPORALE, and FAHRNBRUCH, JJ., and COADY, D.J.

COADY, D.J.

The zoning board of appeals of Omaha (Board) appeals an order of the Douglas County District Court directing the Board to grant a variance for a structure constructed on property owned by William J. and Dixie L. McClelland. The Board claims the district court erred in substituting its own discretion for the Board's discretion. We affirm.

A zoning board of appeals is vested with discretion to dispose of matters within its province, but its acts are judicial in nature and are subject to review and reversal when they constitute an abuse of discretion and are arbitrary. *Alumni Control Board v. City of Lincoln*, 179 Neb. 194, 137 N.W.2d 800 (1965); *Peterson v. Vasak*, 162 Neb. 498, 76 N.W.2d 420 (1956).

In 1981, the McClellands contracted to have a house built in the Seville subdivision of Omaha, Nebraska. The house was to be custom built, with the contract specifying all entrances were to be at ground level. The contractor abandoned the project before the house was completed and left the five entrances unfinished, none of which conformed to the contract.

In December 1981, a city inspector gave final approval to the McClellands to move into the house, provided they complete the entrances. According to the McClellands, they showed the inspector plans for the deck to be added to the rear of the house. Between 1981 and 1986, the McClellands worked on finishing their house and correcting the mistakes of the contractor.

In 1986, they began construction of a deck on the north side of the house in their backyard. The deck was raised to the level of the entrances in the rear, $4\frac{1}{2}$ feet above the ground, with stairs on both the east and west sides of the deck. While they were working on the roof of the deck, the city planning department informed them a building permit was needed, and ordered them to cease work until they obtained a permit. The permit was denied, and the McClellands were ordered to dismantle the entire deck.

The McClellands appealed to the Board, seeking a variance. The Board held two hearings, and at the close of the second hearing, the Board approved the variance for the deck, but ordered the McClellands to remove the roof and supporting beams and the stairs on the east side of the deck. The Board also ordered the McClellands to landscape their backyard in conformity with one of the landscaping plans they presented.

The McClellands appealed to the Douglas County District Court, pursuant to Neb. Rev. Stat. §§ 14-413 and 14-414 (Reissue 1987). The court reversed the Board's denial and ordered the Board to issue the variance for the stairs and the roof.

The sections of the Omaha Municipal Code applicable to residential districts were admitted into evidence at the district court. Omaha Mun. Code, ch. 55, art. IX, § 55-196 (1959) requires a setback of 25 feet for rear yards. Omaha Mun. Code, ch. 55, art. XXXVIII, § 55-750 (1981) requires a setback for all corner lots (such at the McClellands' property) of $17^1/_2$ feet (one-half the setback required for front yards, which is 35 feet, Omaha Mun. Code, ch. 55, art. IX, § 55-194 (1959)).

The deck structure measures 17 feet 4 inches by 19 feet 6 inches and is set back approximately 14 feet from the north property line. The stairs are set back roughly 20 feet from the east property line. This structure clearly violates the ordinances of Omaha.

We find the Board's action in granting the variance for the deck, but ordering the roof and east stairs to be removed, was arbitrary. The evidence clearly shows this is one complete structure, all of which violated the setback and building permit requirements. Removal of the stairs and roof will not cure the violations. Once the Board allowed the variance of the setback requirements, it could not arbitrarily determine what portions of the structure the variance applied to.

We find the district court correctly ordered the Board to issue the variance requested by William and Dixie McClelland.

AFFIRMED.