VILLAGE OF BRADY, APPELLEE, V. JACK MELCHER, SR., DOING
BUSINESS AS J & B ENTERPRISES, APPELLANT.
502 N.W.2d 458

Filed July 9, 1993.   No. S-91-342.

David T. Schroeder, of Kelly & Schroeder, for appellant.

Michael L. Bacon for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

This is an action brought by the plaintiff, Village of Brady, Nebraska, against the defendant, Jack Melcher, Sr., doing business as J & B Enterprises, to enjoin and abate an alleged nuisance maintained in the Village of Brady by the defendant. The petition alleged that the defendant was parking, storing, and maintaining, in full view from the public street and nearby properties, numerous automobiles which were not being moved or operated; allowing weeds to grow up around the automobiles and parts; and allowing trash and litter to accumulate on the premises. The petition alleged three separate causes of action, each cause relating to a separate tract of land. The second cause of action was dismissed at the close of the plaintiff's evidence because of lack of evidence as to ownership of that tract of land. The defendant offered no evidence or testimony at trial.

Following the trial, the district court viewed the premises and inspected the property.

On February 13, 1991, the trial court found that as to the first and third causes of action, the vehicles "violates [sic] the ordinances of the Village of Brady, Nebraska, and are

abandoned vehicles within the definition supplied in the ordinance, and, therefore, constitute a nuisance which may be abated." The defendant was ordered to move the vehicles from the properties described in the first and third causes of action and to pay the costs.

On appeal to this court, the defendant has assigned the following errors: (1) The village ordinances referred to in the plaintiff's petition are unconstitutionally vague, overbroad, arbitrary, capricious, and unreasonable, contrary to the U.S. Constitution and the State of Nebraska Constitution; (2) the village ordinances referred in the plaintiff's petition are in excess of statutory authority; (3) the district court erred in not finding that grandfather and proprietary rights existed in the premises prior to the adoption of the relevant ordinances; and (4) the district court's findings and order are not supported by the evidence and by the law.

An action for an injunction sounds in equity. *City of Newman Grove v. Primrose*, 240 Neb. 70, 480 N.W.2d 408 (1992). In an equity action, an appellate court reviews the record de novo. *Drew v. Walkup*, 240 Neb. 946, 486 N.W.2d 187 (1992); Neb. Rev. Stat. § 25-1925 (Cum. Supp. 1992). In such review, the appellate court reaches a conclusion independent of the factual findings of the trial court; however, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the circumstance that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Drew v. Walkup, supra*.

The defendant argues that the ordinances referred to in the plaintiff's petition are unconstitutionally vague, overbroad, arbitrary, capricious, and unreasonable, contrary to the U.S. Constitution and the State of Nebraska Constitution. The constitutionality of a statute or ordinance is a question of law. *Howard v. City of Lincoln, ante* p. 5, 497 N.W.2d 53 (1993); *State v. Crowdell*, 234 Neb. 469, 451 N.W.2d 695 (1990). With regard to questions of law, an appellate court is obligated to reach a conclusion independent of the decision reached by the trial court. *VanDeWalle v. Albion Nat. Bank, ante* p. 496, 500 N.W.2d 566 (1993).

When passing on the constitutionality of an ordinance, this court begins with a presumption of validity. The burden of demonstrating a constitutional defect rests with the challenger. See, *Howard v. City of Lincoln, supra*; *City of Lincoln v. ABC Books, Inc.*, 238 Neb. 378, 470 N.W.2d 760 (1991).

The only ordinance challenged as unconstitutional in the defendant's brief is Brady Mun. Code, ch. 6, art. 3, § 6-325 (1983). This ordinance provides:

> No person in charge or control of any property within the Municipality, other than Municipal property, whether as owner, tenant, occupant, lessee, or otherwise, shall allow any partially dismantled, inoperable, wrecked, junked, or discarded vehicle to remain on such property longer than thirty (30) days. No unlicensed vehicle shall be permitted to remain on any private or public property for any length of time; provided, this Section shall not apply to a vehicle in an enclosed building; to a vehicle on the premises of a business enterprise, operated in a lawful place and manner, when such vehicle is necessary to the lawful operation of the business; or to a vehicle in a lawful place and manner by the Municipality. Any vehicle allowed to remain on property in violation of this Section shall constitute a nuisance and shall be abated, and any person violating this Section shall be guilty of a misdemeanor.

In his brief, the defendant makes a broad assertion that the above-quoted ordinance is overbroad and vague and that the ordinance is unconstitutional because it is not rationally related to the protection of the health, safety, and welfare of its citizens.

Brady Mun. Code, ch. 4, art. 3, § 4-301 (1983), generally defines "nuisance" as doing "any unlawful act, or omitting to perform a duty, or suffering or permitting any condition or thing to be or exist, which act, omission, condition or thing either: 1. Injuries [sic] or endangers the comfort, repose, health, or safety of others . . . ." The plaintiff could rationally find that unlicensed vehicles stored on private property, outside of enclosed buildings, could threaten the public health and safety. Vehicles such as those stored on the lots involved in the present case could attract vermin and rats or pose an attractive

nuisance for children. The proscribed conduct in § 6-325 is sufficiently defined and is not arbitrary or vague. In any event, the defendant's lack of evidence at trial and his vague arguments on appeal fail to overcome the ordinance's presumption of validity.

The defendant also argues that the village ordinances referred to in the plaintiff's petition are in excess of statutory authority. Again, it appears that the defendant's argument refers exclusively to § 6-325.

The plaintiff's authority to enact ordinances such as § 6-325 is provided in Neb. Rev. Stat. § 18-1720 (Reissue 1991). This statute provides:

> All cities and villages in this state are hereby granted power and authority by ordinance to define, regulate, suppress and prevent nuisances, and declare what shall constitute a nuisance, and to abate and remove the same. Every city and village is authorized to exercise such power and authority within its zoning jurisdiction.

This court has long held that municipalities may, in the exercise of a valid police power, protect the public health through ordinances that operate within legislative limits. See, *Howard v. City of Lincoln, ante* p. 5, 497 N.W.2d 53 (1993); *McCrea v. Cunningham*, 202 Neb. 638, 277 N.W.2d 52 (1979). " ' "In the exercise of police power delegated to a city, it is generally for the municipal authorities to determine what rules, regulations and ordinances are required for the health, comfort and safety of the people . . . ." ' " *Id.* at 648, 277 N.W.2d at 58, quoting *City of Scottsbluff v. Winters Creek Canal Co.*, 155 Neb. 723, 53 N.W.2d 543 (1952). It is clear that the plaintiff has the authority to enact ordinances to protect the public health and welfare, such as § 6-325. Accordingly, the defendant's argument that the ordinances referred to in the plaintiff's petition are in excess of statutory authority is without merit.

The third error assigned by the defendant is that the district court erred in not finding that grandfather and proprietary rights existed in the premises prior to the adoption of the relevant ordinances. In support of this assertion, the defendant argues that evidence at trial indicated that some, if not all, of the unlicensed vehicles had been on the residential lots involved

in this case since the spring of 1983. Ordinance No. 100, which adopted the Municipal Code of the Village of Brady, was enacted on August 11, 1983. The defendant argues that the passage of a nuisance ordinance may not operate retroactively to deprive a property owner of his vested rights.

This court has previously held that a zoning ordinance may not, without providing a reasonable plan for discontinuance, operate retroactively to deprive a property owner of previously vested rights by preventing a use to which the property was put before enactment of the prohibitory ordinance. See *Whitehead Oil Co. v. City of Lincoln*, 234 Neb. 527, 451 N.W.2d 702 (1990). However, ordinarily, a property owner does not have and cannot acquire a vested right, or a constitutional privilege, to maintain or continue a nuisance. See *City of Lyons v. Betts*, 184 Neb. 747, 171 N.W.2d 792 (1969). Accordingly, the defendant does not have a vested right to maintain or continue a use of his property that constitutes a nuisance.

The defendant's final assignment of error is that the district court's findings and order are not supported by the evidence and by the law. This argument is also without merit. The photographs which were received in evidence at the trial show that the vehicles located on the lots described in the petition were in various degrees of deterioration. Testimony at trial indicated that none of the vehicles on the first and third tracts of land were licensed. The defendant did not appear at trial, nor did he offer any evidence to rebut the evidence presented by the plaintiff. This court also gives weight to the fact that the district court viewed the premises and inspected the property prior to rendering a decision in this case. The plaintiff met its burden of proof that a nuisance existed. Thus, the district court's decision ordering abatement of the nuisance was supported by the evidence and the law.

The judgment of the district court for Lincoln County is affirmed.

AFFIRMED.