CONTINENTAL MORTGAGE, INC., APPELLANT, V. ROLLAND C. JOHNSON, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLEE AND CROSS-APPELLEE, AND ADVANCED FINANCIAL, INC., THIRD-PARTY DEFENDANT, APPELLEE AND CROSS-APPELLANT.

549 N.W.2d 640

Filed July 5, 1996.   No. S-94-808.

Gary L. Dolan for appellant.

Thomas H. Dahlk, of Lieben, Dahlk, Whitted, Houghton, Slowiaczek & Jahn, P.C., for appellee Johnson.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Continental Mortgage, Inc. (CMI), formerly Creative Financing, Inc. (CFI), sued Rolland C. "Rollie" Johnson, seeking payment of a promissory note in the amount of $214,814.83. The district court granted summary judgment in favor of Johnson, and CMI appeals.

## SCOPE OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Mendenhall v. Grantzinger*, 249 Neb. 847, 546 N.W.2d 775 (1996).

## FACTS

In September 1990, Johnson agreed to sell approximately 80 percent of his shares of common stock in CFI to Peterson and Sons Holding Company (P&S) pursuant to a stock purchase option agreement. The agreement provided that CFI or P&S would cancel or pay all notes signed by Johnson payable to CFI. The district court determined that the agreement included the note that Johnson had signed in the amount of $214,814.83.

On September 21, 1990, Rollie and Lynn Johnson and an officer of P&S signed a memorandum of understanding which stated that P&S would have the right to purchase 90 percent of all shares of CFI stock owned or held by the Johnsons. This memorandum provided that the above-described note would not be demanded by "the corporation" and that the note would be satisfied to the benefit of the Johnsons.

Rollie Johnson's affidavit recited that on March 28, 1991, Advanced Medical Dynamics, Inc., now known as Advanced Financial, Inc. (AFI), issued 2,000,000 shares of its voting common stock to the Johnsons in exchange for 20 percent of the common stock of CFI owned by the Johnsons. AFI also issued 8,000,000 shares of its common stock to P&S in exchange for 80 percent of the shares of CFI which had been purchased by P&S pursuant to the stock purchase option agreement.

After P&S exercised its option, it assigned its rights and obligations under the agreement to AFI. AFI accepted the assignment and agreed to assume all unperformed obligations of P&S with respect to the stock purchase option.

On July 13, 1993, CMI sued Johnson for payment of the promissory note. Johnson filed a third-party complaint against AFI, alleging that AFI had agreed to pay the note by virtue of the assignment taken from P&S. The third-party complaint is not at issue in this appeal. The issue is whether CMI, a wholly owned subsidiary of AFI, is bound by the terms and conditions of a stock purchase option agreement which CMI did not sign and to which it was not a party.

CMI's second amended petition alleged that Johnson had executed and delivered the promissory note and that CMI had made written demand for payment, which was refused. Johnson admitted execution and delivery of the note and non-payment, but denied that he had any obligation to pay the note. Johnson's affirmative defenses were that CMI was a wholly owned subsidiary of AFI, and AFI had a contractual obligation to Johnson to pay the note; that CMI was estopped from collecting on the note because of the parent-subsidiary relationship with AFI; and that Norman L. Peterson, a director, officer, and principal stockholder of AFI and an officer and

director of CMI, had represented to Johnson that CMI or another entity in which Peterson had an interest would pay the note.

The district court concluded that the language of the stock purchase option agreement and the memorandum of understanding was unambiguous and that once P&S exercised the option, Johnson was entitled to payment or cancellation of the note. The court found that the memorandum of understanding provided that the note signed by Johnson would be held as an asset of CFI and that payment of the note would not be demanded by CFI or P&S, but, instead, would be "satisfied to the benefit of Johnson." The court found that Johnson had presented sufficient evidence to demonstrate that he was entitled to judgment as a matter of law and granted Johnson summary judgment on CMI's claim for collection of the note.

## ASSIGNMENT OF ERROR

CMI asserts that the district court erred in sustaining Johnson's motion for summary judgment.

## ANALYSIS

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Mendenhall v. Grantzinger*, 249 Neb. 847, 546 N.W.2d 775 (1996). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *C.S.B. Co. v. Isham*, 249 Neb. 66, 541 N.W.2d 392 (1996).

The stock purchase option agreement was between P&S as the optionee and Rollie and Lynn Johnson as the transferors. Part of the purchase price of the stock upon the exercise of the option by P&S was as follows: "(d) The payment or cancellation of all notes signed by Transferor to Creative Financing, Inc.[,] for the benefit of Transferor, and any tax liability (state and federal) of Transferor arising therefrom shall be paid by

Creative Financing, Inc.[,] or by the Optionee to the satisfaction of Transferor; . . ." The agreement was signed by Rollie Johnson and an officer of P&S.

In March 1991, AFI acquired a controlling interest in the voting common stock of CMI. At the time of the summary judgment, Peterson was president of AFI and chairman of the board of CMI. Peterson was on the board of directors of both CMI and AFI after the acquisition of CMI by AFI.

The fact that Peterson was an officer, director, and principal stockholder of AFI; was an officer and director of CMI; and had personally agreed that CMI would pay the promissory note does not entitle Johnson to a summary judgment against CMI. The record does not support the conclusion that CMI was bound by the actions of Peterson.

A corporation is a legal entity separate and apart from its officers and shareholders. *Wolf v. Walt*, 247 Neb. 858, 530 N.W.2d 890 (1995). Although there is generally a presumption that acts of corporate officers pertaining to ordinary corporate business transactions are authorized by the corporation, when a corporate officer acts outside the scope of ordinary business, no presumption of authority arises and the other party to the transaction is required to make an inquiry into the officer's authority. *Western Fertilizer v. BRG*, 228 Neb. 776, 424 N.W.2d 588 (1988). Here, the stock purchase option agreement was between the Johnsons and P&S. The record does not indicate that P&S had authority to bind CMI to the terms and conditions of the stock purchase option agreement.

We find that a genuine issue of material fact exists regarding CMI's right to maintain an action against Johnson on the promissory note. CMI and AFI are different corporations, and we cannot say as a matter of law that CMI is bound by the obligations of P&S which were then assigned to AFI. Therefore, the district court erred in granting summary judgment in favor of Johnson. Accordingly, we reverse the judgment of the district court and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.