RICHARD E. MOULTON, APPELLEE, V. BOARD OF ZONING APPEALS FOR THE CITY OF LINCOLN, NEBRASKA, APPELLANT.

555 N.W.2d 39

Filed November 8, 1996.     No. S-94-1061.

William F. Austin, Lincoln City Attorney, and Dana W. Roper for appellant.

Richard E. Moulton, pro se.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ., and REAGAN, D.J.

PER CURIAM.

Appellee Richard E. Moulton, seeking a zoning variance, appeared before appellant Board of Zoning Appeals (Board) for the city of Lincoln, Nebraska, which held a hearing on June 25, 1993, on Moulton's application dated June 1, 1993. The Board subsequently ruled that res judicata prevented it from ruling on the merits of this sixth application for variance, the previous five nearly identical applications having been denied. The last application immediately before the June 1, 1993, application was submitted by Moulton on September 7, 1990. Moulton appealed the denial of his June 1, 1993, application to the Lancaster County District Court pursuant to Neb. Rev. Stat.

§ 15-1201 (Reissue 1991), which provides that a person aggrieved by a decision of the Board may appeal to the district court. The Board filed a motion for summary judgment in the district court, which was denied. In that same order, the district court remanded the matter to the Board for further hearing, finding that res judicata did not apply because of a city ordinance. The Board appealed that order, stating (1) that res judicata applies to the Board and applies pursuant to the ordinance of the city of Lincoln and (2) that the district court erred in entering an order pursuant to the Board's motion for summary judgment or partial summary judgment as being contrary to the law and the facts of this case. We affirm the judgment of the district court.

## BACKGROUND

Moulton, a landowner, applied to the Board for variance of the minimum lot size. Since 1983, the same, or substantially the same, request had been denied at five previous hearings. Before a hearing was held on this most recent application, the Board inquired of Moulton as to whether a material change in circumstances had taken place as to the zoning, parking requirements, or open space requirements, or in the neighborhood.

The resolution of the Board stated:

> Specifically, the Board finds that the parties are bound by the previous ruling(s) on the merits of the application by the doctrine of res judicata, because the application is substantially similar to previously denied applications for the same property, and there has been no material change in circumstances affecting this property since the previous denials. The Board has heard and denied substantially similar applications on five previous occasions. The Board finds that there has not been a material change in the circumstances. There has been no change in the zoning laws affecting the property, no change in the parking requirements, no change in the density requirements, no change in the open space requirements, and there has been no change in the neighborhood which would eliminate the need for the above requirements. Therefore, for all of the

above reasons the Board of Zoning Appeals refuses to reach the merits of the application for variance.

The foregoing res judicata analysis presumes the validity of the rulings in the previous hearings without relitigating what was at issue in those prior hearings. The focus was on a "change in circumstances." The Board refused to "reach the merits of the application for variance."

Moulton appealed the refusal to the district court. The Board filed a motion for summary judgment.

During the hearing on the Board's motion for summary judgment, the following exchange took place:

The Court: So I assume that from the standpoint of your motion for summary judgment, if I conclude that the res judicata applies, depending upon — I haven't looked at everything, I suppose that — on the other hand — then I suppose I could grant the summary judgment. I suppose, on the other hand, though, to try to save everybody some time, if I conclude that res judicata does not apply, it is not applicable to a Board such as the Board of Zoning Appeals, I suppose even though Mr. Moulton hasn't asked for it, I could almost overrule your motion, find they applied the wrong thing and remand the matter back to them to give a hearing so there is record to review.

[The Board's attorney]: Yes.

In denying the motion for summary judgment, the district court stated:

Section 83 (4) of the Restatement provides that a prior decision of the tribunal is not conclusive if such result would be contrary to the legislative policy of the entity in question. Such is the case here. Section 27.75.050 of the Lincoln Municipal Code provides: "In the event that the proposed variance or exception is denied by the Board of Zoning Appeals, no new request shall be made of the same or a substantially similar variance or exception within one year of said denial thereof." It is obvious that the only restriction is that the new application be filed at least one year following the prior denial of a similar application. Res judicata does not apply and the Board was in error in

refusing to hear such appeal since more than one year had elapsed from the date of the prior denial.

IT IS ORDERED that the Motion for Summary Judgment be denied. It is further ordered that these matters be remanded to the Board of Zoning Appeals of the City of Lincoln, Nebraska for a hearing on the merits of the appellant's applications. All costs are taxed to the City of Lincoln.

The Board appealed the order.

## ASSIGNMENTS OF ERROR

The Board assigns as error:

1. That res judicata applies to the Board of Zoning Appeals and applies under the ordinance of the City of Lincoln.

2. The District Court erred in entering an Order pursuant to the Appellant's Motion for Summary Judgment or Partial Summary Judgment as being contrary to the law and facts of this case.

## STANDARD OF REVIEW

A zoning board of appeals is vested with discretion to dispose of matters within its province, but its acts are judicial in nature and are subject to review and reversal when they constitute an abuse of discretion and are arbitrary. *McClelland v. Zoning Bd. of Appeals*, 232 Neb. 711, 441 N.W.2d 893 (1989); *Alumni Control Board v. City of Lincoln*, 179 Neb. 194, 137 N.W.2d 800 (1965); *Peterson v. Vasak*, 162 Neb. 498, 76 N.W.2d 420 (1956).

Neb. Rev. Stat. § 15-1205 (Reissue 1991) does not limit review to illegality, but provides that appeals from various organs of a city of the primary class shall be considered as in equity. Thus, such decisions are quasi-judicial in nature and reviewable under § 15-1201 as in equity in both the trial and appellate courts. *Whitehead Oil Co. v. City of Lincoln*, 245 Neb. 660, 515 N.W.2d 390 (1994).

In an appeal from an equitable action, the reviewing court reviews the action de novo on the record and reaches a conclusion independent of the factual findings of the lower court;

however, where credible evidence is in conflict on a material issue of fact, the reviewing court considers and may give weight to the circumstance that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Whitehead Oil Co., supra.* See, *Rigel Corp. v. Cutchall,* 245 Neb. 118, 511 N.W.2d 519 (1994); *Village of Brady v. Melcher,* 243 Neb. 728, 502 N.W.2d 458 (1993).

## ANALYSIS

### FINAL ORDER

We first must address whether or not a final order exists so that an appeal can be made. See *Rohde v. Farmers Alliance Mut. Ins. Co.,* 244 Neb. 863, 509 N.W.2d 618 (1994).

An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed, as provided in Neb. Rev. Stat. § 25-1902 (Reissue 1995).

To be a "final order" that determines the action and prevents a judgment, the order must dispose of the whole merits of the case and must leave nothing for further consideration of the court, and thus, the order is final when no further action of the court is required to dispose of the pending cause; however, if the cause is retained for further action, the order is interlocutory. If the party's substantial rights are not determined by the court's order and the cause is retained for further action, the order is not final for purposes of appeal. *Rohde, supra; Otteman v. Interstate Fire & Cas. Co., Inc.,* 171 Neb. 148, 105 N.W.2d 583 (1960).

The order in this case is a denial of a motion for summary judgment and a remand. Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Bruning v. Law Offices of Ronald J. Palagi,* 250 Neb. 677, 551 N.W.2d 266 (1996); *Boyd v.*

*Chakraborty*, 250 Neb. 575, 550 N.W.2d 44 (1996); *Harrison v. Seagroves*, 250 Neb. 495, 549 N.W.2d 644 (1996).

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Bruning, supra*; *Harrison, supra*; *Continental Mortgage v. Johnson*, 250 Neb. 484, 549 N.W.2d 640 (1996).

Standing alone, the denial of a motion for summary judgment is not a final order and therefore is not appealable. See *Farmers & Merchants Bank v. Grams*, 250 Neb. 191, 548 N.W.2d 764 (1996). In this case, the sole ground for the motion for summary judgment was that the determination by the Board based on res judicata was correct. The district court denied the motion and ruled that res judicata did not apply. Alone, this denial would not be appealable. However, the court further found that the Board was in error in refusing to hear the merits of the appeal and remanded the appeal to the Board. The district court's denial of the motion for summary judgment and the remand affected a substantial right of the Board, that is, to deny a hearing on the merits. Further, the court's order disposed of the whole merits of the case and left nothing for further consideration, and no further action of the court was required to dispose of the pending cause. Also, the district court did not retain jurisdiction for further action. We therefore hold, pursuant to the *Rohde* analysis, that denial of the motion for summary judgment and remand was a final order. In *Rohde*, we held that a final order existed because no further action was required and a substantial right of the appellant was affected. The trial court had granted a directed verdict to the appellant. The district court's order reversing the judgment of the trial court and remanding the case for a trial on the merits took away the judgment that had been rendered in the appellant's favor.

### RES JUDICATA

A claim before a tribunal, be it an administrative agency or a municipal board, is res judicata and may not, as a general rule, be relitigated once there has been a petition for judicial review and the petition has been dismissed. *Kirkland v. Abramson*, 248

Neb. 675, 538 N.W.2d 752 (1995); *L.J. Vontz Constr. Co. v. City of Alliance*, 243 Neb. 334, 500 N.W.2d 173 (1993).

Therefore, the Board, in the absence of other authority, could make use of the doctrine of res judicata. In this case, however, there is an ordinance which was entered into evidence and argued by both parties.

The ordinance provides in part: "In the event that the proposed variance or exception is denied by the Board of Zoning Appeals, no new request shall be made for the same or a substantially similar variance or exception within one year of said denial thereof." Lincoln Mun. Code § 27.75.050 (1994).

To understand the effect of this ordinance, it is necessary to first discuss the common-law doctrine of res judicata. The doctrine of res judicata bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Baltensperger v. United States Dept. of Ag.*, 250 Neb. 216, 548 N.W.2d 733 (1996); *Lincoln Lumber Co. v. Fowler*, 248 Neb. 221, 533 N.W.2d 898 (1995); *Hangman v. Bruening*, 247 Neb. 769, 530 N.W.2d 247 (1995).

There are at least two exceptions to the general rule of res judicata, both of which merit some discussion in this opinion.

The first exception to the general rule is when there has been an intervening change in facts or circumstances. The second exception is when there has been an announced public policy by the legislative branch of government that the preclusion issues do not apply. See *Scott v. Mattingly*, 241 Neb. 276, 488 N.W.2d 349 (1992).

In the instant case, the Board properly concluded that the first exception, regarding an intervening change in facts or circumstances, did not apply. However, the Board did not consider the second exception to res judicata stated in *Scott*. Here, the announced public policy by the legislative branch of government is the city ordinance.

To interpret the effect the ordinance has on the common-law doctrine of res judicata, it is necessary to look at the ordinance's

plain meaning. This court will give the language of a city ordinance its plain and ordinary meaning. *Shamberg v. City of Lincoln*, 174 Neb. 146, 116 N.W.2d 18 (1962).

The plain meaning of municipal ordinance § 27.75.050 is that the general rules of exclusion apply, but only for a 1-year period of time. This is, in effect, a codification by municipal ordinance of the doctrine of res judicata. The ordinance on its face provides for a specific finite time during which res judicata will bar reapplication to the board. The ordinance provides that a person must wait for a year. Implicitly, after 1 year, a new request for the same or substantially the same variance as that previously requested can be made.

We note that the Board cites cases from other jurisdictions in order to persuade this court that ordinances have been interpreted to not abrogate the doctrine of res judicata. See, *Rhema Christian Ctr. v. Bd. of Zoning Adj.*, 515 A.2d 189 (D.C. App. 1986); *Root v. Zoning Bd. of Appeals,* 41 Conn. Supp. 218, 565 A.2d 14 (Conn. Super. 1989). These cases are not persuasive. Although similar language was at issue in *Rhema Christian Ctr.*, the court was considering a federal regulation, not a municipal ordinance. In *Root,* 41 Conn. Supp. at 221, 565 A.2d at 16, the court was faced with a statute which stated, " 'No such board shall be required to hear any application for the same variance . . . ,' " and interpreted that the word "required" allowed the board discretion regarding res judicata. No such language appears in § 27.75.050.

We hold that municipal ordinance § 27.75.050, by its plain language, allows for the Board to use res judicata to avoid hearing repeat applications for a 1-year time period only. The request for variance in this case was made more than 1 year after the previous request for variance. The ruling of the district court was correct.

## CONCLUSION

We hold that the Board could not apply res judicata in the present case. Over 1 year had elapsed since the previous application. The district court order is hereby affirmed.

AFFIRMED.

FAHRNBRUCH, J., not participating.

GERRARD, J., dissenting.

I disagree with the majority holding that the common-law doctrine of res judicata is abrogated by the municipal ordinance at issue. I agree with the proposition that to interpret the effect of the ordinance on the common-law doctrine of res judicata, it is necessary to look at the ordinance's plain language and give such language its plain and ordinary meaning. However, we must also be mindful of the well-settled rule that legislative enactments which effect a change in the common law or take away a common-law right should be strictly construed. See, *State v. Tingle*, 239 Neb. 558, 477 N.W.2d 544 (1991); *Mason v. Schumacher*, 231 Neb. 929, 439 N.W.2d 61 (1989).

The ordinance at issue provides that following the denial of a requested zoning variance, no new *request* shall be made for the same or substantially similar variance within 1 year of said denial. Strictly construed, the ordinance only precludes an individual from making a new request for a variance when the same or substantially similar request was denied within the previous 12-month period. Strictly construed, the ordinance is silent as to whether a board must redetermine the merits of such request every 12 months.

In my view, the ordinance represents a legislative attempt to prevent the zoning docket from being cluttered with successive applications by applicants previously denied relief. It does not evince a legislative intent to permit such an applicant to force the redetermination of the identical issue every 12 months. See *Marks v. Zoning Bd. of Providence*, 98 R.I. 405, 203 A.2d 761 (1964).

When a material change of circumstances affecting the merits of an application has not occurred or the application is not for a use that materially differs in nature and degree from its predecessor, there is no need for the board of adjustment to reach the merits of the application.

Traditional zoning law itself has long recognized the quasi-judicial function of zoning boards and incorporated the concept of claim preclusion or res judicata. As a general proposition, when a special exception or variance is denied and the applicant, after a required waiting period, resubmits the same or a substantially similar application, the applicant must demon-

strate that conditions have changed such that the reasons for the previous denial no longer apply. *Rhema Christian Ctr. v. Bd. of Zoning Adj.*, 515 A.2d 189 (D.C. App. 1986); *Bright v. Zoning Board of Appeals*, 149 Conn. 698, 705, 183 A.2d 603, 606 (1962) (on reapplication after board denied variance, board may not "revoke its former action" without "change in conditions or new considerations materially affecting the merits"); *Marks v. Zoning Bd. of Providence*, 98 R.I. at 406, 203 A.2d at 763 (on reapplication 18 months after board denied variance, board may not reverse decision without "substantial or material change in circumstances" between the two decisions). See *First Baptist Church v. District of Columbia*, 432 A.2d 695, 701 (D.C. App. 1981), quoting *Spencer v. Board of Zoning Appeals*, 141 Conn. 155, 104 A.2d 373 (1954) (opponent to reissuance of permit extending special exception must show " 'change of conditions [or] other considerations materially affecting the merits . . .' "). See, generally, 4 Robert M. Anderson, American Law of Zoning §§ 22.53 and 22.54 (3d ed. 1986).

In the instant case, the same, or substantially the same, request for a variance had been denied at five previous hearings since 1983. The board inquired of the applicant as to whether a material change in circumstances had taken place as to the zoning, parking requirements, or open space requirements, or in the neighborhood, and it was determined that no changes had occurred since the last hearing. To hold that the ordinance at issue compels the board to redetermine the merits of an applicant's petition without a scintilla of evidence that a change in circumstances has taken place eliminates finality in proceedings before the board, threatens the integrity of the zoning plan, and places an undue burden on property owners and city officials seeking to uphold an established zoning plan. See *Fisher v. City of Dover*, 120 N.H. 187, 412 A.2d 1024 (1980). As a practical matter, the majority's holding also effects a substantial waste of valuable governmental and human resources.

The municipal board correctly applied the doctrine of res judicata in the instant case. Therefore, I respectfully dissent.

REAGAN, D.J., joins in this dissent.