WILLIAM A. RAUERT, APPELLANT, V. SCHOOL DISTRICT 1-R
OF HALL COUNTY, NEBRASKA, ALSO KNOWN AS
SCHOOL DISTRICT NO. 501 OF HALL COUNTY,
NEBRASKA, APPELLEE.

555 N.W.2d 763

Filed November 22, 1996.    No. S-94-1010.

Denzel R. Busick, of Luebs, Leininger, Smith, Busick &
Johnson, and John Wagoner, of Wagoner Law Offices, for
appellant.

Daniel J. Alberts, of DeMars, Gordon, Olson, Recknor & Shively, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WHITE, C.J.

William A. Rauert brought this action in the district court for Hall County, alleging that School District 1-R of Hall County, Nebraska (school district), violated the Nebraska Budget Act and the Nebraska statutes regarding public meetings (Nebraska Public Meetings Law) and exceeded its authority when it authorized certain renovations to school property without voter approval. The district court found generally in favor of the school district and dismissed the action at Rauert's cost. We affirm.

The school district is a Class I school district. In 1983, at the school district's annual meeting, a special building fund (1983 building fund) with a levy in the amount of $35,000 was approved and established for the purpose of possible future construction. This special levy was made in each fiscal year from 1983 through 1991, with the proceeds going into the 1983 building fund. In 1992, the 1983 building fund had a balance of $177,705.

In 1991, the school district's school board (board) proposed a bond issue for $950,000 to fund the construction of a gymnasium and other renovations to the existing school building. The entire project would have cost $1,086,000. The bond issue was placed on the October 22, 1992, ballot, and the school district's voters refused to authorize the issuance of the bonds.

During this same period, the State Fire Marshal inspected the school district's existing building and ordered 23 building corrections, including the installation of proper electrical receptacles and the removal of a classroom from the corridors. The State Fire Marshal permitted the school district to continue use of the corridor space as a classroom until the bond issue was approved or until the end of the school year if the bond issue was defeated.

Following the defeat of the bond issue, the board began to consider other means by which to make repairs and improve-

ments to the existing building. At the board's August 10, 1992, budget meeting, the board approved the expenditure of $341,336 to make repairs to the existing building site and to build on two additional classrooms. The parties to this lawsuit have stipulated that $169,188 was paid out of the school district's general fund, and $172,148 was paid out of the 1983 building fund. The parties have also stipulated that no vote of the school district's electors occurred regarding the need for or the extent of the repairs and construction, nor was a vote taken to approve the renovations at issue in this case, although those electors opposing the construction voiced their disapproval and desire to vote at the August 10, 1992, budget hearing, annual meeting, and regular meeting.

Rauert, as a taxpayer and resident of Hall County, filed a petition in this action, alleging violations of the Nebraska Budget Act, the Nebraska Public Meetings Law, and Neb. Rev. Stat. § 79-422 (Reissue 1994), which requires that propositions for a special tax be submitted to the district's voters at the board's annual or special meeting. Rauert alleged that members of the board met privately and without proper notice to discuss the transfer of money between funds, and with the further intent to deprive members of the public of an opportunity to be fully informed and to ask questions. Rauert also alleged that the board failed to fully divulge the specifics of the 1991-92 budget, improperly moved funds between the general fund and the building fund, and failed to submit to the electors the proposition to expend money for renovation. During the course of this lawsuit, the renovations to the school building were completed.

The matter was submitted to the district court on stipulated evidence. In an order dated July 15, 1994, the trial court found generally for the school district and against Rauert and dismissed the lawsuit at Rauert's cost.

Rauert timely appealed the trial court's decision to the Nebraska Court of Appeals. We removed this matter pursuant to our power to regulate the docket of the Court of Appeals.

On appeal, Rauert assigns a number of errors which may be summarized as follows: Rauert alleges that the district court erred in failing (1) to find that the school district taxpayers and electors were the only parties who could decide whether to

build an addition or improvements on an existing school building and in failing to find that the board exceeded its authority when it authorized the work at issue without submitting it to a vote of the electors in 1992; (2) to find that the board violated the Nebraska Public Meetings Law at its August 10, 1992, meeting and during the 120 days preceding that meeting; and (3) to provide Rauert with the remedies he requested, and in awarding attorney fees to the school district.

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996). In construing a statute, an appellate court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *County Cork v. Nebraska Liquor Control Comm.*, 250 Neb. 456, 550 N.W.2d 913 (1996).

In Rauert's first assignment of error, he alleges that the school district electors and taxpayers were the only individuals authorized by statute to approve the expenditure of school district funds for the repair and renovation at issue in this case. In addressing this assignment of error, we first note that the school district is a creature of statute and possesses no other powers than those granted by the Legislature. *State ex rel. School Dist. v. Board of Equalization*, 166 Neb. 785, 90 N.W.2d 421 (1958). See *School Dist. of Waterloo v. Hutchinson*, 244 Neb. 665, 508 N.W.2d 832 (1993). The Legislature has provided the exclusive method of raising funds for schoolhouses, school buildings, and additions. *State ex rel. School Dist. v. Board of Equalization, supra.*

The statutes particularly relevant to Rauert's claims in this case are § 79-422 and Neb. Rev. Stat. §§ 79-423 and 79-607 (Reissue 1994). Section 79-423 states:

In all Class I school districts, the proposition [to vote a special annual tax for additions and improvements to a school building] shall be submitted at any annual or special meeting of the electors of the school district. In all other districts the manner of submission shall be governed in substance by section 23-126.

Section 79-607 states in pertinent part:

> A tax to establish a special fund for the purpose of erection or repair of a schoolhouse . . . in any Class I school district may be levied when authorized by fifty-five percent of the qualified electors voting on the proposition. The notice of the proposal to establish the special fund shall include the sum to be raised or the amount of the tax to be levied, the period of years, and the time of its taking effect. The tax shall be subject to the restrictions of section 79-422 as to maximum amount and term.

Section 79-422 mandates that this type of special tax shall not exceed a term of 10 years.

Clearly, both § 79-423 and § 79-607, in conjunction with § 79-422, mandate that in Class I school districts, propositions to raise money through a special annual tax for the purpose of making additions and improvements to an existing schoolhouse must be voted on and approved by the electors of the school district at the district's annual or special meeting. In this regard, Rauert's contention that the voters of the school district have the right to approve the proposition to levy a special tax for such expenditures is correct. However, Rauert's argument that this right applies to the business conducted by the board at its August 10, 1992, budget hearing and regular meeting is incorrect.

The stipulated evidence in this case indicates that a special building fund was approved by the voters of the school district and established at the annual meeting in 1983 for the purpose of paying for possible future construction. The evidence also demonstrates that this fund was maintained and the special tax levied for the next 9 years, well within the 10-year statutory time limit of § 79-422. At all times relevant to this case, the money in the 1983 building fund was kept separate from the school district's other funds and was designated as a building fund. The evidence also demonstrates that the school district's general fund had at all relevant times an allocation designated "Building and Building Improvements."

Neb. Rev. Stat. § 79-440 (Reissue 1994) requires that "[t]he school board or board of education shall (1) provide the necessary appendages for the schoolhouse, (2) keep the same in good condition and repair during the time school shall be taught in

the schoolhouse, and (3) keep an accurate account of all expenses incurred." See Neb. Rev. Stat. §§ 79-441 and 79-443 (Reissue 1994). In accordance with the orders of the State Fire Marshal, the board in 1992 approved renovations to the existing building, approved an addition to the existing building, and authorized the expenditure of money from the 1983 building fund and the "Building and Building Improvements" allocation of the general fund.

The parties argue at great length as to whether the addition of two rooms to the existing structure was merely maintenance and repair or was actually new construction. It is quite clear that the room additions were new construction and fall within the language of § 79-422, which expressly covers "additions" to a schoolhouse. However, identifying the additions as falling within §§ 79-422 and 79-423 is not dispositive of the issues in this case. The relevant statutes in this case allow taxpayers to approve the levy; the statutes do not permit the taxpayers to determine *when* those funds will be spent. The only limitation pertinent to this case with regard to special funds is that the funds must be used for the purpose designated when the fund was established. Neb. Rev. Stat. § 79-425(2) (Reissue 1994). The school district's counsel stated during oral argument that the new construction was paid for solely from the 1983 building fund, established for just such a purpose and approved by the voters at the 1983 meeting, and that the other repairs were paid for from the general fund's "Building and Building Improvements" allocation. Neither Rauert's counsel nor the evidence disputes this.

Rauert does argue that the 1983 building fund was a one-time levy only and was improperly levied against the taxpayers of the school district for the next 8 years. However, the time has long since passed for Rauert to protest the levy of this special tax. Neb. Rev. Stat. § 77-1735 (Reissue 1990) states that if a taxpayer claims that a tax levied is illegal for any reason other than the valuation of the property, that taxpayer may make a written claim for a refund of the tax within 30 days of the payment of the tax. We have held that, as in this case, when a taxpayer fails to substantially comply with this 30-day claim requirement and has voluntarily paid the tax, that taxpayer will

not be allowed to complain about the tax at a later point in time. See, *Satterfield v. Britton*, 163 Neb. 161, 78 N.W.2d 817 (1956); *Monteith v. Alpha High School District*, 125 Neb. 665, 251 N.W. 661 (1933). The last levy for the 1983 building fund occurred in 1991, Rauert voluntarily paid the tax, and no complaint was filed regarding the propriety of the tax until late in 1992. Given that Rauert did not comply with the statutory mandates in this regard, he cannot now complain that the continued levy for the 1983 building fund was improper.

While we agree that the Legislature requires that special taxes levied for the purpose of additions in Class I school districts must be approved by the electors of the district, we also find that this requirement was met when the 1983 building fund was established. We hold, therefore, that the board in this case did not exceed its authority when it authorized the work at issue without submitting it to a second vote of the electors in 1992.

Rauert next assigns as error the district court's failure to find that the board violated the Nebraska Public Meetings Law. The Public Meetings Law requires that public bodies such as school boards must give reasonable advance publicized notice of the time and place of their meetings, in part so that the public may attend and speak at those meetings. Neb. Rev. Stat. §§ 84-1411(1) (Reissue 1987) and 84-1412(1) (Reissue 1994).

Rauert alleges that a quorum of the board met in the office of the superintendent of schools on a regular basis before the beginning of most board meetings, discussed and decided business at these "clandestine" meetings, signed checks to pay claims before those claims were approved at the public meeting, and moved and voted on business at the public meeting with little or no discussion in order to deprive the public of the right to be fully informed as to the exact nature of the business before the board.

While public meetings laws are broadly construed so as to obtain the objective of openness in favor of the public, *Grein v. Board of Education*, 216 Neb. 158, 343 N.W.2d 718 (1984), neither Rauert nor the other witnesses alleging these violations could provide specific dates on which they observed a quorum of the board members meeting, nor could they indicate whether any discussion of business occurred at these alleged meetings.

We hold that the trial court did not err in failing to find violations of the Nebraska Public Meetings Law based on the evidence, or lack thereof, in this case.

Rauert's final assignment of error involves the taxation of the school district's costs to Rauert, and the trial court's refusal to order any of the remedies sought by Rauert. In a somewhat unusual request, Rauert asked the trial court to submit the question of the completed renovations to the voters for their post-renovation approval or disapproval with the provision that a subsequent approval would validate the renovations and a disapproval would lead to further action against the school district. Rauert also asked the court to declare the school district's actions improper, to forever enjoin the school district from violating the appropriate statutory provisions, and to require the school district to pay Rauert's costs and attorney fees.

As indicated above, we find that the voters in this case had no statutory right to vote in 1992 to authorize the expenditure of the 1983 building fund money, and therefore, Rauert's assigned error as to remedies must fail.

As to the issue of taxation of costs, this is a matter resting in the discretion of the trial court. *Banks v. Board of Education of Chase County*, 202 Neb. 717, 277 N.W.2d 76 (1979). We will not, in this case, disturb the trial court's taxation of costs to Rauert.

Since we find that the school district properly submitted the proposed levy for the special building fund to the voters in 1983, the voters at that time approved the levy, and the board in 1992 used the general fund and 1983 building fund money for their designated purpose, and because we find no evidence of a violation of the Nebraska Public Meetings Law, we affirm the trial court's decision.

AFFIRMED.

GERRARD, J., not participating.