Scott Robertson et al., appellees, v. School District No. 17 of Douglas County, Nebraska, commonly known as the Millard School District, a political subdivision of the State of Nebraska, and Diana Faust et al., all as Millard school district board members, appellants.

560 N.W.2d 469

Filed March 21, 1997.   No. S-95-108.

Rex R. Schultze and Gregory H. Perry, of Perry, Guthery, Haase & Gessford, P.C., and Malcolm D. Young and Jeff C. Miller, of Young & White, for appellants.

H. Daniel Smith and David A. Jarecke, of Sherrets, Smith & Gardner, P.C., for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and SPRAGUE, D.J.

WHITE, C.J.

Millard School District No. 17 of Douglas County and the Millard school district board members (Millard) appeal the trial court's order in favor of the appellees, Scott Robertson, Gail Robertson, Kevin Moersch, Nancy Moersch, David Mawyer, Dory Mawyer, Joseph Konen, and Judith Konen (Robertson), granting Robertson's motion for summary judgment, issuing an injunction, and determining that Millard had no express or implied power to build a roadway to access an elementary school site. We reverse, and remand with directions.

In 1991, Millard's board of education decided that there was a need to build an elementary school in the northwest portion of the Millard school district to address overcrowding problems in two other elementary schools. Available property (Aldrich School Property) was located near 164th Street and West Dodge Road. The Aldrich School Property was bordered on the south

by West Dodge Road; on the west by 168th Street, a creek, and railroad tracks; on the north by Barrington Park; and on the east by private property owned by Nebraska Methodist Health System, Inc. (NMHSI).

Access to the property was limited, in that the State of Nebraska would allow only a temporary access road to be constructed on the south from West Dodge Road, and practicality and expense made it difficult to build an access road on the west toward 168th Street. Therefore, prior to purchasing the property, Millard attempted to acquire through condemnation a portion of an outlot to the north in order to obtain access to California Street. Several homeowners in the Barrington Park area complained and filed suit; in May 1992, the district court held that the property at issue was a public park and, as a result, could not be condemned by Millard.

Millard acquired the Aldrich School Property in September 1992. On October 14, Millard entered into an agreement with NMHSI, which provided in pertinent part for a right of access by Millard over NMHSI's property for the purpose of constructing Aldrich School; that NMHSI would construct a loop road around its outer perimeter; that Millard would have an easement to connect drives from the Aldrich School Property to the loop road so as to gain access to a public street; and that in consideration for these easements and the cost of construction of the loop road, Millard would pay NMHSI $600,000. The agreement also stated that NMHSI was free to dedicate the loop road to the public at some future point.

On June 15, 1993, Scott Robertson and others filed an action in the district court for Douglas County for declaratory and injunctive relief against NMHSI, the mayor, the city council, Millard, the Millard school board members, Douglas County, and the Douglas County commissioners. Robertson alleged that the construction of the loop road and its future dedication to the public constituted an unlawful and unconsented taking of Robertson's property, that none of the defendants to the action had undertaken the required condemnation proceedings, and that the plaintiffs had not been compensated for the taking. Robertson asked the court to declare which public entity received the benefit of the taking; to determine which entity had

the obligation to institute condemnation proceedings; and to enjoin Millard and NMHSI from continuing construction of the road, which allegedly damaged the private property, until the plaintiffs were compensated for the taking. The defendants demurred, and the district court dismissed the action without leave to amend because the petition did not state a cause of action or set forth circumstances which demonstrated that the plaintiffs were harmed by the future dedication of the loop road as a public way.

On October 11, 1993, Millard and NMHSI executed a supplement to the October 1992 agreement, which provided in pertinent part that NMHSI was unable to construct the loop road by January 1, 1994, due to a delay "caused by governmental authority." The supplement to the agreement stated that if NMHSI did not have a contract for the construction of the south half of the loop road before April 1, 1994, then NMHSI would grant Millard a permanent nonexclusive easement for the purpose of providing ingress and egress to the Aldrich School Property, and Millard would construct the south half of the loop road so that the school could open for the 1994-95 school year. The supplement to the agreement also provided that Millard's costs for the construction of the south half of the loop road would be deducted from the $600,000 which Millard had agreed to pay NMHSI in the first agreement and that Millard agreed to join in any subsequent dedication of the loop road as a public way.

In March 1994, Millard and NMHSI entered into an easement agreement which provided for Millard's construction of the south half of the loop road and granted Millard a permanent nonexclusive easement for vehicular and pedestrian traffic to provide ingress and egress to the Aldrich School Property. In April 1994, Millard and Hawkins Construction Company executed a contract regarding the construction of the south half of the loop road on the easement granted Millard by NMHSI.

On June 27, 1994, Robertson filed suit in the district court for Douglas County against Millard and Millard's school board members, alleging that the contracts in which Millard agreed to construct the loop road were ultra vires and void, and requesting that the court enter a permanent injunction enjoining

Millard from "planning, laying out, designing, constructing, [and] maintaining the street that is the subject of the agreements alleged or expending public funds for the same." A temporary injunction was granted on July 8, and Robertson posted a $15,000 bond.

Both parties filed motions for summary judgment. In its order dated January 9, 1995, the trial court overruled Millard's motion, granted Robertson's motion, found that the permanent injunction sought by Robertson should be granted, and held that Millard "has no power, whether implied or reasonably inferred, to build the road." The court ordered the $15,000 bond to remain as the bond in the appeal of the case, which Millard timely filed in the Nebraska Court of Appeals. Pursuant to our power to regulate the docket of the Court of Appeals, we removed the case to this court.

On appeal and as summarized, Millard alleges that the trial court erred in (1) failing to find that res judicata barred the claims in this action, (2) failing to find that Robertson did not join all necessary parties to the action, and (3) finding that Millard lacked either express or implied powers to construct the loop road in sustaining Robertson's motion for summary judgment and overruling Millard's motion for summary judgment.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Burke v. Blue Cross Blue Shield*, 251 Neb. 607, 558 N.W.2d 577 (1997); *Stones v. Sears, Roebuck & Co.*, 251 Neb. 560, 558 N.W.2d 540 (1997).

The presence of necessary parties to a suit is a jurisdictional matter and cannot be waived by the parties; it is the duty of the plaintiff to join all persons who have or claim any interest which could be affected by the judgment. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994).

Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment

therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not. *Baltensperger v. United States Dept. of Ag.*, 250 Neb. 216, 548 N.W.2d 733 (1996); *Lincoln Lumber Co. v. Fowler*, 248 Neb. 221, 533 N.W.2d 898 (1995).

If a school board acts within the power conferred upon it by the Legislature, courts cannot question the manner in which the board has exercised its discretion in regard to subject matter over which it has jurisdiction, unless such action is so unreasonable and arbitrary as to amount to an abuse of the discretion reposed in it. *Kolesnick v. Omaha Pub. Sch. Dist.*, 251 Neb. 575, 558 N.W.2d 807 (1997).

An action for an injunction sounds in equity. *Village of Brady v. Melcher*, 243 Neb. 728, 502 N.W.2d 458 (1993). In equity actions, an appellate court reviews factual findings de novo on the record and reaches a conclusion independent of that of the trial court. *Latenser v. Intercessors of the Lamb, Inc.*, 250 Neb. 789, 553 N.W.2d 458 (1996). When reviewing questions of law, an appellate court reaches a conclusion independent of that of the trial court. *Law Offices of Ronald J. Palagi v. Dolan*, 251 Neb. 457, 558 N.W.2d 303 (1997).

In its first assignment of error, Millard alleges that this court lacks jurisdiction to hear the appeal because the trial court erred in failing to find that res judicata barred the claims in this action. We disagree.

The doctrine of res judicata bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was a judgment on the merits, and (4) the same parties and their privies were involved in both actions. *Moulton v. Board of Zoning Appeals*, 251 Neb. 95, 555 N.W.2d 39 (1996). Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand,

purpose, or subject matter of the two suits is the same or not. *Baltensperger, supra*; *Lincoln Lumber Co., supra.*

The doctrine of res judicata does not bar this appeal. While the June 15, 1993, action brought by Robertson was filed against Millard and the Millard school board members, and while we consider a dismissal after a demurrer without leave to amend to be a final judgment on the merits (see *Swift v. Dairyland Ins. Co.*, 250 Neb. 31, 547 N.W.2d 147 (1996)), the present case does not present the same issues as those directly addressed or which should have been included in the prior litigation. The June 1993 lawsuit involved a request for declaratory and injunctive relief because Robertson alleged a taking of property without just compensation. That action was dismissed in July 1993. This action was brought in June 1994 and concerns the legality of certain contracts entered into between Millard and NMHSI which obligate Millard to build the loop road. The first contract to obligate Millard to construct the road was entered into on October 11, 1993, well past the dismissal of the first petition. Therefore, this case involves an issue that could not have been litigated in June 1993 and is not barred by res judicata.

Millard next alleges that this court lacks jurisdiction to hear this case because Robertson failed to join all the necessary parties. In particular, Millard argues that Robertson should have joined NMHSI and Hawkins Construction Company. We disagree.

Neb. Rev. Stat. § 25-323 (Reissue 1989) states:

> The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in.

An indispensable or necessary party to a suit is one who has an interest in the controversy to an extent that such party's absence from the proceedings prevents a court from making a final determination concerning the controversy without affecting such party's interest. *Calabro v. City of Omaha*, 247 Neb. 955, 531 N.W.2d 541 (1995). The presence of necessary parties

is jurisdictional and cannot be waived, and if such persons are not made parties, then the district court has no jurisdiction to determine the controversy. *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995).

In the instant case, neither NMHSI nor Hawkins Construction Company is a necessary or indispensable party. The failure of Robertson to include them as defendants in the lawsuit does not affect their rights or interests. On July 25, 1994, Millard, NMHSI, and Hawkins Construction Company entered into a settlement agreement which provided for the assignment to NMHSI of the construction contract between Millard and Hawkins Construction Company; that NMHSI would complete the construction of the south half of the loop road pursuant to the construction contract; that NMHSI would pay Hawkins for any pending and unpaid pay applications and for any subsequent work performed; that if it was eventually determined in this case that Millard did not have the authority to construct the south half of the loop road, then Millard's access easement to the Aldrich School Property would terminate; and that, if it was eventually determined in this case that Millard did have the authority to construct the road, then both NMHSI and Millard would perform their respective obligations under the prior agreements. Clearly, the outcome of this suit will not affect the rights of either Hawkins Construction Company or NMHSI. NMHSI will still have the right to build its road on its own property, and Hawkins Construction Company will still be paid for its work. As a result, we find that in this case neither NMHSI nor Hawkins Construction Company is a necessary or indispensable party whose absence from this lawsuit deprives us of jurisdiction to hear this appeal.

In its last assignment of error, Millard argues that the trial court erred in finding that Millard lacked either express or implied powers to construct the loop road and in sustaining Robertson's motion for summary judgment, overruling Millard's motion for summary judgment on those grounds, and granting a permanent injunction. We agree.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as

to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Burke v. Blue Cross Blue Shield*, 251 Neb. 607, 558 N.W.2d 577 (1997); *Stones v. Sears, Roebuck & Co.*, 251 Neb. 560, 558 N.W.2d 540 (1997). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997); *Bohl v. Buffalo Cty.*, 251 Neb. 492, 557 N.W.2d 668 (1997).

An action for an injunction sounds in equity. *Village of Brady v. Melcher*, 243 Neb. 728, 502 N.W.2d 458 (1993). In equity actions, an appellate court reviews factual findings de novo on the record and reaches a conclusion independent of that of the trial court. *Latenser v. Intercessors of the Lamb, Inc.*, 250 Neb. 789, 553 N.W.2d 458 (1996). A de novo review of the record in this case reveals that there are no genuine issues as to any material fact or as to the ultimate inferences that may be drawn from those facts.

The sole question that must be resolved with regard to this assignment of error is whether the statutes which delineate the powers of school boards allow Millard to expend public funds to build the loop road. The school district is a creature of statute and possesses no other powers than those granted by the Legislature. *Rauert v. School Dist. 1-R of Hall Cty.*, 251 Neb. 135, 555 N.W.2d 763 (1996). Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997); *Rauert, supra.*

Several statutory sections are pertinent to the determination of whether Millard has the power to build the loop road. Neb. Rev. Stat. § 79-401 (Reissue 1994) (now codified at Neb. Rev. Stat. § 79-405 (Reissue 1996)) states in part, "Every duly organized school district shall be a body corporate and possess all the usual powers of a corporation for public purposes, may sue and be sued, and may purchase, hold, and sell such personal and

real estate as the law allows." Neb. Rev. Stat. § 79-440 (Reissue 1994) (now codified at Neb. Rev. Stat. § 79-525 (Reissue 1996)) states in part, "The school board or board of education shall (1) provide the necessary appendages for the schoolhouse, (2) keep the same in good condition and repair during the time school shall be taught in the schoolhouse, and (3) keep an accurate account of all expenses incurred." Neb. Rev. Stat. § 79-443 (Reissue 1994) (now codified at Neb. Rev. Stat. § 79-526 (Reissue 1996)), states in part, "The district school boards and boards of education shall have the general care and upkeep of the schools [and shall] devise such means as may seem best to secure the regular attendance and progress of children at school."

In the instant case, we find that the loop road is a necessary appendage for Aldrich School. The evidence is uncontroverted that Millard needed to build another school in the northwest portion of the school district to alleviate the overcrowding in two of its elementary buildings and that the only available real estate was the Aldrich School Property. Access to this property was prohibited or not feasible to the north, south, and west. The only access available was to the east across NMHSI's property. At the time of purchase, NMHSI was to build the loop road and Millard would have been responsible only for drives connecting the school property to the road. However, due to certain difficulties, NMHSI could not construct the road in conjunction with Millard's timeframe for the start of school. Millard had to have access to the Aldrich School Property and so contracted to perform the work. Omaha Mun. Code §§ 34-6 and 34-8 require that all paved streets be built to certain specifications, and Millard was obligated to comply with those standards.

Section 79-401 gives Millard the power to hold an easement in the portion of real estate where the south half of the loop road was to be built. Sections 79-440 and 79-443 give Millard the power to provide necessary appendages to the schoolhouse and to secure the regular attendance of students at school. Necessarily implied in these statutory sections is the power to construct an access road when the only access available was a road built to the specifications required by the Omaha Municipal Code across NMHSI's property, and the only party in

a position to build the road in the necessary timeframe was Millard.

If a school board acts within the power conferred upon it by the Legislature, courts cannot question the manner in which the board has exercised its discretion in regard to subject matter over which it has jurisdiction, unless such action is so unreasonable and arbitrary as to amount to an abuse of the discretion reposed in it. *Kolesnick v. Omaha Pub. Sch. Dist.*, 251 Neb. 575, 558 N.W.2d 807 (1997). We hold that in this case, the purchase of the Aldrich School Property and the agreement to build the loop road across an easement owned by Millard are not actions so unreasonable and arbitrary as to amount to an abuse of Millard's discretion. The grant of summary judgment in favor of Robertson should be reversed, and summary judgment should be granted in favor of Millard. In addition, the injunction issued by the trial court in this matter is hereby vacated.

Robertson also filed two motions with this court. The first motion requests attorney fees for the services of counsel on appeal. This motion is denied.

Robertson's second motion requests the exoneration of the $15,000 bond that remained as the bond on appeal of this case. Such bonds are statutorily conditioned so that "the party or parties who obtained [the] injunction shall pay to the defendant, or defendants, all damages, which he or they shall sustain by reason of said injunction, if it be finally decided that such injunction ought not to have been granted." Neb. Rev. Stat. § 25-1079 (Reissue 1995). The motion to exonerate the bond is therefore denied, and this case shall be remanded to the district court for the determination of any damages that may have been sustained by Millard as a result of the injunction issued below.

Because we find that Millard does, in this instance, have the implied power to build the loop road, we reverse, and remand with directions to enter summary judgment in favor of Millard, vacate the injunction, and undertake further proceedings consistent with this court's opinion, including those necessary to address Millard's damages.

REVERSED AND REMANDED WITH DIRECTIONS.